UNITED STATES DISTRICT COURT

FOR THE Southern Division



FILED

MAR 1 4 2005

TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy
Southern District of West Virginia

FREDERICK DIXON

        Plaintiff,           *

                              *   CIVIL NO. 5:05-0218

V.                    *
                              *

Marty Anderson et al *

        Defendant (s).    *


PETITION PURSUANT TO 28 U.S.C.
SECTION 1331

---

PETITIONER FILED IN THIS HONORABLE COURT FOR THE

Southern Division of West
Virginia, "Beckley"

---

BY PLAINTIFF: Frederick Dixon #26592-039
ECI-Beckley
P.O. Box 350
Beaver WV 25813.

1331 Form

**FORM TO BE USED BY FEDERAL PRISONERS IN FILING A COMPLAINT UNDER 28 U.S.C.§ 1331**

In the United States District Court

For the _Southern Division_

_FREDERICK DIXON_

_____

_____

(Enter above the full name of the plaintiff or plaintiffs in this action)

v.

_Marty Anderson_
_Sue Engles_
_Captain Hutchins_
_Lt. Flemming_

(Enter the full name above of the defendant or defendants in this action).

I. Place of Present Confinement _FCI—Beckley_

II. Previous Lawsuits

A. Have you begun other lawsuits dealing with the same facts involved in this action or otherwise relating to your imprisonment?
Yes ____✓____ No_____

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

I'm Amending/Substituting my previous claim with this claim. My first claim was not filed on a 1331 Form — Nor did I submit an Application to proceed in Forma Pauperis Document. At the time of the first filing, I was held incommunicado.

-2-

III.  In order to proceed in federal court you must ordinarily fully
      exhaust your administrative remedies as to each ground on which
      you request action by the federal court.

  A. Did you fully exhaust, including appeals, your administrative
     remedies pursuant to the Bureau of Prisons Policy
     Statement 1330.07?          Yes _____   No _____**X**_____

  B. If your answer to A is yes,

     1. What steps did you take?


     2. What was the result?


  C. If your answer to A is no, why not ?
     *Please See attachment "STYLE" Reason
     For not exhausting Administ*

IV.   Parties
      (In Item A below, place your name in the first blank and place
      your present address in the second blank. Do the same for additional
      plaintiffs, if any).

  A. Name of plaintiff *Frederick Dixon #26592-034*
     *P. O. Box 350 - FCI - Beckley*
     *Beaver, WV*

  ( In Item B below, place the full name of the defendant in the
  first blank, his official position in the second blank. Use Item
  C for the names, positions, and place of employment of any additional
  defendants).

  B. Defendant *Marty Anderson* is employed as *Warden*
                              at *FCI - Beckley*


  C. Additional Defendants *Please See Attachment
     Styled "Additional Defendants*



                              —3—

V. Cause of Action

(List hereunder the different causes of action that are the grounds for the prosecution of this law suit.)

1. Racial Discrimination

2. Cruel and unusal Punishment

3. Denial of Access to Court and Violation of Free Speech and Right to be informed

VI. Grounds for relief

(Hereunder set out the factual allegations that you consider as establishing a basis for your requested relief under the specific cause/s of action/s.) (If additional space is necessary. include as attachments.)

1.    Please See Attachment

2.

3.

4.

VII. Relief sought
(Hereunder itemize the specific relief you exect to obtain on the prosecution of this law suit.)

1.    Please See Attachment

2.

Wherefore, your Plaintiff respectfully requests that this Honorable Court grant the within relief sought and any other relief that this Court deems just and proper.

-4-

Signed this _____10th_____ day of _____March_____, _____2005_____

_____Fred Dixon 26542-039_____

_____P. O. Box 350_____

_____Beaver, WV 25813_____

(Signature of plaintiff or

plaintiffs)

Executed at _____FCI-Beckley, Beckley WV._____

(Name of Institution, City, County)

I declare under penalty of perjury that the foregoing
is true and correct.

Executed on _____3-10-05_____

(Date)

_____Frederick Dixon_____

_____

_____

(Signature of plaintiff or

plaintiffs)

-5-

## Attachment
## " Additional Defendants "

1. D. Cales, Senior Officer Specialist
2. Brian Stevens ( Teacher)
3. Jill Carver ( Teacher)
4. D. Pritt; senior officer specialist (SOS)
5. L. Avers "SOS"
6. F. Ruffle "SOS"
7. J. Ford
8. Tunner   ("SOS")
9. T. Carter "SOS"
10. Ms. Blankenship ( Teacher)
11. Ms. Bowman   ( Teacher)
12. T McGrady    ( Teacher)
13. Ormont   Adm. Remedy Coordinator
14. C. Kilgore   Disciplinary Hearing officer
15. B. Barkley  (Teacher)
16. Logant (SOS)
17 Pantry  (SOS)
18   Midgley

    All Defendants are Employees
of Federal Bureau of Prison — Beckley
     P.O Box 350
     Beaver, WV  25813

<u>Attachment</u>

VI   <u>Grounds for relief</u>

This is a classic case of blatant abuse, Racial Discrimination, and Rogue Prison Staff Corruption that equal or surpass the Iraq Abu Ghraib Prison Scandal.

This claim will establish that Defendant Dixon was unfairly target, harassed, and retaliated against because of Defendants racial hatred of him and because of his status as a Jailhouse lawyer who frequently filed claims, and assisted other in filing claims, that humiliated and embarrassed Defendants.

Dixon will show that while African Americans make up the vast majority of the prison inmate population, only three (3) percent of the prison employees are African Americans. He will show that Caucasian inmates are less than five (5) percent of the inmate population; however, they are given preference treatment over Hispanics and African Americans. They are assigned to a disproportional number of prestigious jobs, Substance Abuse Programing, and

-1-

Pg2  Groud for relief Continue:

Academic opportunities. The Defendants
attempts to hookwint those outside
looking in by using fuzzy maths..., they
classify Hispanics as white on paper in
an attempt to confuse and destort the
true Racial Composition.

Plaintiff Dixon will show that he
was wrongfully confined in the Special
Housing unit (SHU) as a result of
concoct lies manufactured by vindictive
Defendants who Knowingly falsified
incident reports against Dixon Solely
for the purpose to have him removed
from the general Prison Population
In an attempt to silent him and to
exercise domination over him.

Dixon will further Show that Defendants
Warden Anderson, Deputy warden Sue Engles.
Captain Hutchins, and Administrative
Remedy Coordinator Orment was derelictan
of their duties and became accompline
to the malicious Crimes perpertrated
against Mr. Dixon.

Dixon will Show that Defendant
Engles Violated his First Amendment
Right when She rejected "Without

-2-

Pg 3 Ground for relief Cont:

Sanctuary, a book Dixon religious leader referred him to. Defendant Engles claim the book violated PS 5266.10. She claimed the book may be offensive to others because it contained explicit photographs of men, both black and white, that had been lynched or hanged.

Dixon will show that Defendants repeatedly conducted retaliatory shakedowns of his cell. During these shakedowns, Dixon will show that Defendants arbitrarily and capriciously confiscated his dictionary, legal papers, dentures, and postal stamps.

Dixon will show he was denied Access to the Law Library -- He will show Defendants removed the typewriter from the SHU Law Library to prevent him from having Access to it.

Dixon will show that he was arbitrarily placed on bag meals and that on several occasions Defendants refused to feed him.

Dixon will show that he was held incommunicado for a month when Defendants confiscated all of his property including postal stamps. Dixon was unable to writ or call anyone.

-3-

Pg 4  Ground for relief cont:

Dixon will show that he was humiliated and force to stand nude while a caucasian female video him. He will show that He was Assaulted, and Defendant who Assaulted him reverse the situation by charging Dixon with Assault. The incident was also videoed.

   Lastly, Dixon will show that Defendant Kilgore, who is the Disciplinary Hearing officer (DHO) presented a conflict of interest and was personally bias, and not the neutral, detach, referee he's obligated to be.

## STATEMENT OF CASE

1. ON or about April 3, 2004 Dixon wrote the Regional Director, Ms. Kim White and informed her that Defendant Anderson and his Administration was in violation of the Federal Bureau of Prison Affirmative Action Policy Statement. See exhibit A and A-1

2. ON or about March 2, 2004 Plaintiff Dixon wrote Defendant Warden Anderson and warned him of his prison being in violation of Affirmative Action. He pointed out that

- 4 -

Pg. 5    STATEMENT OF CASE Cont:

African American inmates made up the vast majority of the inmate population, but only three (3) percent of the staff are African American. Further, he stated that Caucasian inmates are less than five (5) percent of the inmate population; however, over 90% of the institutional staff are Caucasian. Dixon further expressed he was being discriminated against in employment.

3. During the month of March 2004 Dixon spoke personally to Defendant Anderson at main-line in the kitchen. At that time, Defendant Anderson told Dixon if he didn't discontinue stirring up racial controversy, he was going to end up in the Special Housing Unit. He further stated Dixon had too much idle time on his hand and needed something to do. He further called Defendant Midgley, Dixon Counselor and made arrangement for Dixon to be assigned to the Kitchen.

4. Around or About March 2004, Dixon met with Counselor Midgley and objected

Pg 6          STATEMENT OF CASE Cont:

to being assigned to the Kitchen. Dixon presented
Defendant Midgley with his Associate Degree
and asked to be assign to a Clerk or
Teacher-Aid Job. However, because of
Defendant Midgley racial hatred of Dixon
and in retaliation for the grievances
Dixon had file, Defendant Midgley
assigned Dixon to the Kitchen. Dixon
did file Adm. Remedies in this matter.
See ex. B, B1, B2, B-3, B-4, B-5, and B-6.


5. Around on about April 2004 Dixon applied
for a Law Library Clek position in the
Education Department. Daxon spoke personally
with Defendant Bowman and presented her
with his Associate Degree and Paralegal
Certificate. When Dixon Applied for the
Job, the position was open, but because
of Dixon race, Defendant Bowman
refused to hire him. Defendant Bowman
hired two Caucasian inmates who
applied for the Jobs after Dixon. Further-
more, neither inmates had any prior
experience as a legal clerk. Defendant
simply hired them because of the color
of their skin. There names are
              - 6 -

Pg. 7    Statement of Case cont:

Daniels Henry and Spiers, Dixon file request for Adm. Remedy, contesting the matter; however, is unable to attach an exhibit because Defendants have confiscated many of his legal documents

6. on or about 8-30-04 Defendant Dixon left his legal files with inmate Henry while he went back to the Housing Unit to retrive other legal material he had left. upon his returned, he learned that Defendant Stevens had confiscated the material. Dixon approach Defendant Stevens and ask why he took his legal material. Defendant stated that Dixon had abandon the material. Dixon and Inmate Henry both assured Defendant that the material hadn't been abandon, After it became clear that Defendant Stevens wasn't going to return the material, Dixon asked for a Confiscation Notice, itemizing what had been taken. Defendant refuse to give Dixon a Confiscation Notice went back into the office and began reading Dixon Legal documents, Dixon filed a Request for Adm. Remedy against Defendant

—7—

Pg. 8 Statement of Case Cont:

Stevens, but the process was circumvented because Defendant Midgley refused to give Dixon the necessary forms to complete the process. See ex. C and C-1

7. ON 9-3-04 Defendant Blankenship called Defendant Dixon into her officer and accused him or lying about the missing legal material Defendant Stevens arbitrarily confiscated. She canceled Dixon 12:30 Legal Research Detail and threaten to place him in the SHU. Defendant actions were intened to, and did, harass and intimidate Dixon. Dixon did attempt to utilize the Adm. Remedy Process. See EX. D

8. Around or about Sept. 2004 Defendant Sue Engle rejected a book Dixon ordered Titled, "Without Sanctuary". This was a culture book that gives a detail account of the "Black holocaust".-- the greatest atrocity ever committed in the anals of history. Jews are permitted to study and learn of their holocaust, as well as review graphic images. But Defendant

- 8 -

Pg. 9   Statement of Case cont:

Engles wish to treat the Black holocaust as insignificant. Without Sanctuary doesn't pose a security risk and its denial is an act of discrimination and a violation of Dixon first Amendment Right. See ex. E

9. On about Aug 2004 Plantiff Dixon wrote Defendant Anderson, notifying his that he was being harassed and threaten with retaliation by staff for assisting other inmates see exhibit F

10. On oct 6, 2004 Defendant Stevens, Barkley, Jill Carver, and T. McGrady entered into a conspiracy to have Dixon wrongfully confined to the Special Housing Unit (SHU) because of their racial hatred of him and in retaliation for prior Request for Adm. Remedies Dixon had filed against them and there Co-workers. When the Defendants decided to conspire and falsify incident reports and memos against Dixon, they knew the reports to be false, and

-9-

Pg. 10   Statement of Case cont:

likely to cause Dixon to be wrongfully confined in the SHU, as well as to lose good days. Despite Knowing these facts, Defendants Stevens, Burkley, Carver, and McGrady, fabricated memos and incident reports accusing Dixon of Assault and Sexual proposal. These accusations were blatant lies. Inmate David Gibson, Roy Horton, Bradley, and Dan Henry witness the entire event and will testify that the charges are bogus lies. Dixon attempted to utilize the Adm. Remedy process, but was circumvented from doing so. See exhibit G, G-1 and G-2

11. On Oct. 10, 2004 Defendant Ripple and Turner appeared at Dixon cell. Turner was hiding to prevent Dixon from seeing him. Ripple told Dixon to "Cuff-up, you're going to see the LT." After Dixon cuffed up, Defendant Turner jump from behind the door where he was hiding and confronted Dixon about letters Dixon wrote to the warden and Captain. In those letters Dixon had accused Turner of making Racial Slurs and Corruption. Turner told

—10—

Pg. 11 STATEMENT OF CASE Cont:

Dixon, "You're in my house, and while you're here, you have nothing coming". He further stated, "I will be waiting on you when you're release back to the compound." He stated, "and as for these letters, they will never make it to the warden or captain". Later that Day when the orderlies was passing out cleaning supplies, Defendant Ripple instructed them not to give Dixon any supplies. That same day Defendant Turner and Ripple fabricated incident reports and memo's against Dixon. They accused Dixon of being insolence and Threaten. Dixon never threaten or became insolence. Inmate Carroll Owens was in the cell with Dixon and witness the entire incident.

12. ON 10-11-04 Defendant Coles fabricated an incident report against Dixon. Coles accused Dixon of refusing to stand for Court. Dixon did stand for court, which can be verified by inmate Carroll Owens.

13. ON 10-25-04 Defendant Pritt and

-11-

Pg. 12 Statement of Case Cont:

Defendant Capt. Hutchins escorted Dixon to the Strip Cage for a shakedown. After Dixon removed his clothes and was searched, Defendant Pritt told Dixon to get dress. Defendant Pritt gave Dixon small underwears. Dixon was 225 pounds and need 2x underwears. He informed Defendant Pritt of that fact, at which time Pritt ordered Dixon to put on the small underwears. Dixon refused, because he couldn't put the underwears on. At that point, Defendant Capt. Hutchins called all available staff to the SHU. Once the staff arrived, Defendant Hutchins had a caucasian woman video Dixon nude. During this process Defendant Pritt and Defendant Barkley was taunting Dixon by making faces and laughing at his nudeness and the fact that a women was videoing Dixon. Lt. McCathye arrived, and once learning of the situation, gave Dixon larger underwearing and escorted him back to his cell.

-12-

Pg 13   Statement of Case Cont:

14. ON 11-07-04 at approximate 4:30 PM Defendant Cales begun serving eveing meals. When Cales made it to Dixon cell, he gave Dixon cellmate Bridges a tray, but close the Hatch and refused to give Dixon a meal. This incident was witness by Inmate Abdullah, Bridges and Bibb. Later that afternoon Defendant Lt. Flemming came to Dixon cell to review a fabricated incident report Cales wrote, claiming Dixon was insolence and refused his meal. Dixon ask Defendant Flemming to feed him and Bridges, Bibb, and Abdullah told Flemming Dixon did not refuse his meal. Flemming Stated, " I Just came to review the Shot," and immediately after, left.

15. ON 11-8-04 Defendant Cales and Defendant Ayers, ordered Dixon to cuff up. once Dixon cuffed up, he was taken to the Strip Cage. While in the strip cage, Cales and Ayers Search Dixon Cell. Cales and

Pg 14   Statement of Case Cont:

Ayers put six capsules of Bridges
medicine into Dixon mail, then
claimed Dixon was in possession
of authorized medication. Inmate
Bridges will verify that his medication
was never in Dixon possession -- that
Cales and Ayers framed Dixon.
Cales and Ayers also took Dixon
postal stamps and his dentures.

16. On 11-16-04 Cales returned Dixon
denture while he was in the Law
Library. He placed them in the
window seal. See ex. H

17. On or about 12-2004 Defendants
Cales, Turner, Ripple, and Lt Flemming
conduct a retaliation Snakedown
of Dixon Cell. When Dixon returned
from the Strip Cage to his cell, he
Discovered his book of postal Stamps
were missing, his dictionary, and Request
For Adm Remedy Forms. Dixon laitr
observed Ripple discarding the dictionary

18. On 12-9-04 Defendant Cales

Pg. 15    Statement of Case Cont:

fabricated an incident report against
Dixon. He accused Dixon of being
insolence and threaten. Dixon never
Said one word to Cales. Inmate
Bridges and Abdullah witness this
incident.

19. ON 12-8-04 Defendant Ripple falsified
an incident report againt Dixon. He
accused Dixon of being insolene and
Disobeying an order. Dixon was not
insolence or Disobeyed an order.

20. ON 12-12-04 Defendant Cales manufactured
and fabricated an incident report against
Dixon for Insolence and Treaten. Dixon
was not insolence or Threaten,

21 ON or about 12-22-04 Defendant Cales
appeared at Dixon cell and showed Dixon
a picture of Karen Kube, Cales had
Stolen from Dixon pictures. Cales stated,
" You need to date within your own race",
"All niggers love white women". "It's going
to be a sad day for niggers when they're
barred from white women". Cales also

Pg 16. Statement of Case Cont—

Showed Dixon letters he had seized from the institutional mail Karen had sent Dixon that was never delived to him. Cales told Dixon he frequent the bar Karen worked at. He further told Dixon Defendant Engles demanded that the owner terminated Karen, or she would stop FCI-Beckley Staff from frequenting the bar. Karen confirm that the owner did terminate her for that purpose. She will testify to same. See ex. I, I-1, and I-2

22 ON 12-15-05 while being escorted to medical for an assessment due to Dixon hunger strike status, Defendant Flemming became aggitated and angry because Dixon was not walking at the pace he desired. Dixon had not eaten in 8 days and was very weak. Defendant Flemming accused Dixon of not walking fast enough, and became physical abusive and aggressive by twisting Dixon thumb and mashing the cuffs into Dixon skin. He cause Dixon to suffer damage to the nerves in his right hand. Defendant Flemming later falsified an incident

Pg. 17 Statement of case Cont:

report accusing Dixon of Assaulting him. The entire incident was videoed and will Show that Dixon never Assaulted Flemming. Dixon was at all time in hand cuff behind his back. Clearly, Flemming was the aggressor See ex. J, J-1 and J-2

23. ON 12-26-04 Defendant Cales confiscated a draft of Dixon Civil Right claim, 25 to 30 Request for Adm. Remedy Forms, Eight postal stamps, several Exhibit Dixon was using for this claim, and legal briefs. The Confiscation of these item is an attempt by Defendant to circumvent the Adm. Remedy Process and hold Dixon incommunicado. See exhibit K, K-1 and K-2

24. On 12-21-04 Defendant Hutchins, Warden Anderson, and D.W. Sue Engles authorize bag meals for Dixon for 5 days. When these individules authorize the bag meal they know or should have known that Dixon must be afforded Due Process before being Sanction. Dixon

Pg.18    Statement of Case Cont:

never was given any notice of a
hearing. Dixon did not violate any rules
OR receive any incident report.
See exhibit L, L-1 and L-2

25. Defendants are holding Dixon incom-
municado and denying him access to the
court. Dixon is Denied access to the
Law Library. Everytime Dixon get
Adm. Remedy Forms to file D.H.O.
Appeals or Adm. Remedy Appeals Defen-
dants Confiscate them. Defendants
Carter, Cales, Ripple, and Turner
refuses to allow Dixon to use the
Law Library. See ex: M, M-1 and M2

26. ON 1-6-05 Defendant Cales and
Defendant Flemming told Dixon he was
being moved from his cell D-12 to cell
C-7. Dixon was told the move was cell
rotation. When Defendants Move Dixon
to cell C-7 they knew a section of that
cell back window was missing because
they had Just moved the previous
occupants for that very reason. However,
they moved Dixon there to expose him

Pg 19   STATEMENT oF Case Cont:

to the elements. At night when the
Temperature drop, it became freezingly
cold in that cell. During Defendant
Warden Anderson weekly inspection, Dixon
Stopped him and ask why he was housed
in a cell with No back window in
Jan. Defendant Anderson Stated," You
must have done Something to piss some-
one off?" Dixon remain in that cell
for a week, despite that there was
plenty cells open that had a back window.
Dixon submitted a Request for Adm.
Remedy to Defendant Midgley. When
Dixon Submitted this request, he did
Submit a 8 (eight) which is an attempt
at informal Resolution. Defendant Midgley
and Defendant Orment disregarded
that fact and reJected Dixon Claim,
pretending that Dixon didn't attempt an
informal Resolution. See Ex. N and N-1

27. oN 1-7-05 Dixon submitted a Request
for Adm. Remedy charging Defendant Anderson,
Engles, and Hutchins with Dereliction of
Duty. Dixon Submitted this claim by hand
deliverying it to Defendant counselor

Pg. 20    STATEMENT of Case Cont:

Midgley. Defendant Midgley held the claim for a month without processing it, then returned it to Dixon unprocessed. Dixon resubmitted the claim to Unit Manager Childress 2-23-05. Defendant Ormont rejected the claim, citing staff failure to properly fill out Section 2 of the 8.5 form. This is again an example of Defendants actions in circumventing Dixon from utilizing the Adm. Remedy Process. See Ex O, O-1 and O-2

27. On or about Feb. 2004 Defendant Sue Engles supervised a search of Dixon cell conducted by Defendants Turner, Cales, and Defendant Flemming. These Defendants confiscated all of Dixon 9s, 10s, and 11s, Request for Adm. Remedy forms to deny Dixon opportunity to exercise his right to the process. Inmate Hudson witness Defendants leaving Dixon cell with his documents in their hands.

28. Dixon have made every attempt possible to satisfy his PLRA requirements, however Defendants has vigorously circumvented

— 20

Pg. 21    Statement of Case Cont:

Dixon from Exhausting his Adm Remedies
see exhibits P, P-1, P-2, P-3, P4, P-5 & P-6.

30. On or about Feb. 25, 2004 Defendants
Sue Engler, Warden Anderson, and Capt.
Hutchins made their weekly inspection
in the SHU. After Completing their inspec-
tion, Defendant Logant, Defendant
Turner, officer Scott and Defendant
Flemming Came to Dixon cell and
and ordered him to Cuff up. They moved
Dixon to the strip cage and conducted
a harassment Shakedown of his cell.
When Dixon was returned to his cell, he
was informed that Defendants Anderson,
Engles, and Hutchins had authorize Dixon
being placed on bag meals. Dixon inquired
why, and was told by Defendant Flemming,
"for mouthing off at the Warden" It
Should be noted that Dixon remained on
bag meals 10 days. Dixon received NO
written Notice or a hearing in this
matter.

31 On the following Day, which was around
or about 2-26-05 Defendant Hutchin

- 21 -

Pg. 22    Statement of Case Cont:

returned to Dixon cell with officer
Scott, Lepto, Defendant Logant and
Lt. Flemming. Dixon was told to cuff
up and he was moved from cell D-11
to cell C-5. Dixon was placed in
cell C-5 and all of his property was
confiscated. Dixon was without
post stamps, cosmetics, Legal and religious
material for ten (10) days. Dixon
also didn't have any lenin, blanket, or
pillon. Defendant Carter was changing
Inmates clothing, but refused to give
Dixon a change of clothing. He said
he had order from the Captain not to
do so. Defendant Carters also instructed
the orderlies not to give Dixon any
Cleaning Supplies. Dixon was given
bac meals and held without lenin
or change of clothing for Ten days.
Dixon has attempted to file a Request
for Adm. Remsoy but Defendants
are circumventing the process.

32. On 3-5-05 Defendant Pantry brought
Dixon a bag meal, Dixon explain that
his Bag meals detail had expired.

Pg 23    Statement of Case Cont:

Defendant Pantry called Dixon a dumb nappy head Nigger. He further stated, "On my way home, I will be listening to the Radio and Drinking a beer and laughing at your dumb ass.

33.   On 3-6-05 Defendant Pantry refused to give Dixon his breakfast meal. Defendant Dixon told officer Lepto he needed to see the Lt. because Defendant Pantry had refused to feed him. Defendant Flemming was made aware that Dixon hadn't been given his meal, but because of Defendant racial hatred of Dixon, he did nothing about it. Dixon spoke with Defendant Counsel Midgley about the matter, who was told by Pantry that Dixon refused his tray. Inmate Brown can verify that Dixon didn't refuse his meal.

34.   On 3-9-05 Defendant Flemming and Defendant Carter came to Dixon Cell and ordered him to Cuff up. After Dixon Cuffed up, he was taken

Pg. 24    Statement of Case Cont:
to the Strip Cage where he was
stripped Searched by officer
Jerrell, Defendant Turner, and Defendant
Cales. Dixon had 28 stamps on his
person. Defendant Cales took the
stamps from Dixon and told Dixon
he was going to put them back into
Dixon property. Dixon was Shortly
thereafter escorted back to his
cell by Defendant Turner. After
Dixon made it back to his cell, he
discovered that Defendants Carter,
Logant, and Flemming had removed
all of his request for Adm. Remedy
Forms; took his Soap and tooth-paste;
and deliberately broke Dixon
Dentures. When Dixon confronted
Defendant Cales about the matter,
Cales told Dixon Warden Anderson
instructed them to shake Dixon
Down. This Shakedown was retaliatory
and design to haras Dixon.

35. Plaintiff Dixon is Subjected to
daily racial slurs, intimidation, Emotional
and Physical abuse by Defendants.

24

Pg. 25   Statement of Case Cont:

At all times Defendants acted under color of law and they have deliberately violated Dixon Civil Rights

## RELIEF SOUGHT

1. Marty Anderson is being sued in his individual and official capacity for 350,000 dollars

2. Sue Engles is sued in her individual and official capacity for 200,000 dollars.

3. Captain Hutchins is sued in his individual and official capacity for 250,000 dollars.

4. Lt. Flemming is sued in his individual and official capacity for 200,000 dollars.

5. D. Cales is sued in his individual and official capacity for $350,000 dollars

6. B. Stevens is sued in his individual and official capacity for $200,000

7. Jill Carver is sued in her individual and official capacity for $100,000

-25-

Pg 26.        Relief Sought Cont:

8. D. Pritt is sued in his individual and official capacity for $100,000

9. L. Ayers is sued in his individual and official capacity for $80,000

10. Riffle is sued in his individual and official capacity for 100,000 dollars

11. Turner is sued in his individual and official capacity for $200,000 dollars

12. Pantry is sued in his individual and official capacity for $250,000 dollars

13. J. Ford is sued in his individual and official capacity for $200,000

14 T. Carter, Blankenship, Bowman, McGrady, Logant, and Kilgore are all sued in there individual and official capacity for $75,000 each

15 Midgley and Ormont are sued in their official and individual capacity for $200,000

- 26 -

this letter warn and put everyone on notice of the retalitory act that was to take place, My plea fail upon deaf ears!

Case 5:05-cv-00218 Document 1 Filed 03/14/05 Page 33 of 77 PageID #: 33

# Ex. A

Frederick Dixon #26392-039
Federal Correctional Institute
P.O. Box 350
Beaver, WV 25813

April 3, 2004

Region Director
Mid-Atlantic Region
10010 Junction Drive
Suite 100 N
Anapolis, MD

Re: **Racial Discrimination**
**Staff Corruption**
**Retaliation**

Dear Honorable Sir:

To warm a system of its menace is not to apply an attack on that system, but to render it the greatness of service.

I'm presently being target, harassed, retaliated against, and threaten by various staff members, including Warden Anderson. These officials are angry with me because of the complaints I have filed and because of my status as a jailhouse lawyer.

Around about March 2, 2004 I wrote Warden Anderson and pointed out the fact that the vast majority of the inmates at this prison are Black. Minority make up over 85 percent of the prison population, but our jailers are predominate White males who openly display racist attitudes. These men lack training in race relationship. Black inmates are not taken seriously, respected, or acknowledge as human beings. There exist no dialogue between the Black inmates and their White jailers.

I have also file complaints with the Warden about Inadequate Access to the Law Library and legal copying. Presently, the Law Library is only open for appropriately 35 hours a week. Inmates are only allowed legal copies three days a week for 35 minutes each day. This practice constitute Denial of Access to the Court.

White inmates are given preference treatment over Black inmates. They are assigned to all of the prestigious jobs like Clerk, Teacher's aid, etc. Blacks are assigned to the kitchen. I have an Associate Degree and I'm a Paralegal, but because I'm Black I was assigned to the kitchen.

The grievance system is ineffective and a mockery. I have several grievances file, but staff have refused to respond to them. In fact I'm being threaten with segregation if I continue filing grievance. Warden Anderson told me personall in the kitchen that I had too much idle time on my hand to file complains, and that he would make sure he find something to keep me busy.

-1-

*Ex A-1*

I'm serving a 30 month sentence for Fraud.  My custody level should only be four points, but because of staff racial hatred of me and because of retaliation, they scored me with 9 points.  I was erroneously scored 5 points for prior violent Obstruction Misdemeanor charges that are outsside of five years.  I'm suppose to be at Camp, but I'm being confine at a institution with inmates serving life and 30 years in retaliation for exercising my right to grieve conditions I disagree with.

I'm personally being target by staff at Beckley.  I believe they are going to lie on me or set me up to justify placing me in Administrated Detention.  The staff at this facility are racist, vindictive, and will stoop to any level imaginable.

If I'm not removed from this facility and place at my appropriate custody level, I will be asking the ACLU to assist me in bringing a Class Action Civil Right Complaint against these officials.  These officials are violating the Government Affirmative Action Policy and they are also subjecting Black Prisoners to Cruel and Unusual Punishment.  We are also denied Adequate Access to a Law Library.

I'm asking that you investigate this matter and send me a copy of your finding.  I'm thanking you in advance for your time consideration.

Sincerely,


Frederick Dixon

cc: ACLU

file

Ex. B

REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM
FCI BECKLEY, WEST VIRGINIA

Section 1 - To be completed by the Unit Counselor at the time inmate request Administrative Remedy.

Inmate Name: _DIXON, FRED_          Register Number: _26592-039_

Assigned Unit: _OAU_          Counselor: _M. MiDGREY_

Date of Request: _8-16-04_          Date of Incident: _ON GOING_

Specific Complaint: _THE HIGHER PAYING JOBS IN THE KITCHEN ARE GIVEN TO THE WHITE INMATES_

---

Informal Resolution was / was not accomplished. If not accomplished, inmate issued Request for Administrative Remedy Form. Inmate was advised to review Program Statement 1330.13, Administrative Remedy Program, to ensure compliance with filing procedures.

_Dixon   26592-039_          _8-16-04_
Inmate Signature / Register Number          Date

_[signature]_          _8-16-04_
Counselor Signature          Date

Section 2 - To be completed by the Counselor when inmate submits Request for Administrative Remedy Form.

Date Submitted: _8-18-04_

Was issue discussed with the inmate: YES / NO. If no, reason:_____

---

Were staff or departments noted in Administrative Remedy contacted: YES / NO. _D. GREENWALT_

If no, reason. If yes, response: _JOBS ASSIGNED IN FOOD SERVICE ARE ASSIGNED BASED ON YOUR ABILITY TO COMPLETE THE JOB. THEY ARE NOT ASSIGNED BY RACE_

Informal Resolution was / was not accomplished. If not accomplished, staff submitted Request for Administrative Remedy Form to Administrative Remedy Coordinator.

_Dixon 26592-039_          _8-19-04_
Inmate Signature / Register Number          Date

_[signature]_          _8-19-04_
Counselor Signature          Date

_[signature], reg_          _8/18/04_
Unit Manager Signature          Date

U.S. DEPARTMENT OF JUSTICE                    **REQUEST FOR ADMINISTRATIVE REMEDY**

Federal Bureau of Prisons

---

Part B - RESPONSE

WARDEN OR REGIONAL DIRECTOR

CASE NUMBER 348309-F1

CASE NUMBER

---

**Part C - RECEIPT**

Return to: _____

LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: AUGUST 27, 2004

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MID-ATLANTIC REGIONAL OFFICE

TO    : FREDRICK DIXON, 26592-039
        BECKLEY FCI     UNT: OAK     QTR: O04-414U
        P.O. BOX 1280
        BEAVER,  WV 25813

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID        : 348509-R1       REGIONAL APPEAL
DATE RECEIVED    : AUGUST 26, 2004
SUBJECT 1        : DISCRIMINATION
SUBJECT 2        :
INCIDENT RPT NO:

REJECT REASON 1: SEE REMARKS.

REMARKS          : RESUBMIT AT THE INSTITUTION LEVEL AND BE MORE
                   SPECIFIC WITH HOW YOUR CONCERNS PERTAIN TO YOU.

U.S. Department of Justice

Federal Bureau of Prisons

Ex B-3

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP–DIR–9 including any attachments must be submitted with this appeal.

From: Dixon Fred                    26592-034        oak A-upper     FCI Beckley
     LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.         UNIT         INSTITUTION

**Part A—REASON FOR APPEAL** Ms. Trump refusal to process my BP-9 is an effort to circumvent the Administrative Remedy Process. It is a violation of Federal Law to Discriminate in employment. Caucasion inmates are given preference treatment in Job Placements and greater pay. My Claim is Clear and doesn't need to be any more Specific. The BOP is an Agency who profess to not discriminate based on Race, Creed or religion; however Beckley Discriminate in Job assignment.

8-23-04
DATE

*Fred Dixon*
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____                    _____
DATE                                       REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE          CASE NUMBER: _____

**Part C—RECEIPT**                                        CASE NUMBER: _____

Return to: _____
    LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____                    _____
USP LVN    DATE         Previous editions not usable    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: AUGUST 20, 2004

FROM: *for Lori K. Trump), AR Clerk*
ADMINISTRATIVE REMEDY COORDINATOR
BECKLEY FCI

TO  : FREDRICK DIXON, 26592-039
      BECKLEY FCI    UNT: OAK    QTR: O04-414U
      P.O. BOX 1280
      BEAVER,  WV 25813

FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 348509-F1      ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED  : AUGUST 20, 2004
SUBJECT 1      : DISCRIMINATION
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU MUST PROVIDE MORE SPECIFIC INFORMATION ABOUT YOUR
                 REQUEST/APPEAL SO THAT IT MAY BE CONSIDERED. WE NEED
                 TO KNOW YOUR SPECIFIC CONCERN AND HOW IT RELATES TO
                 THE BUREAU'S ASPECT OF YOUR CONFINEMENT.

REJECT REASON 2: SEE REMARKS.

REJECT REASON 3: YOU MAY RESUBMIT YOUR REQUEST IN PROPER FORM WITHIN
                 5 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS        : YOUR REQUEST IS NOT SPECIFIC.

U.S. Department of Justice

Central Office Administrative Remedy Appeal

From:

| | | | | INSTITUTION |

Part B:

SIGNATURE OF REQUESTER

DATE

GENERAL COUNSEL

THIRD COPY - WARDEN'S ADMINISTRATIVE REMEDY FILE     CASE NUMBER: 378504-A

Part C—RECEIPT

CASE NUMBER: _____

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

DATE _____     SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
APRIL 1982

EX·B-7b

REJECTION NOTICE – ADMINISTRATIVE REMEDY

DATE: OCTOBER 18, 2004

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BOP CENTRAL OFFICE

TO  : FREDRICK DIXON, 26592-039
      BECKLEY FCI     UNT: OAK     QTR: Z01-010LAD
      P.O. BOX 1280
      BEAVER,  WV 25813

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 348509-A1       CENTRAL OFFICE APPEAL
DATE RECEIVED   : SEPTEMBER 28, 2004
SUBJECT 1       : DISCRIMINATION
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: SEE REMARKS.

REMARKS         : WE CONCUR WITH THE INSTITUTION AND THE REGIONAL
                  OFFICE'S RATIONALE FOR REJECTING YOUR APPEAL. PLEASE
                  REFILE WITH THE INSTITUTION.

*Ex C-1*

**REQUEST FOR ADMINISTRATIVE REMEDY**                    **BEC-355965-F1**
**INMATE: DIXON, Frederick**
**Reg. No.: 26592-039**

Your Request for Administrative Remedy received October 25, 2004, regarding confiscation of legal files, has been reviewed. Specifically, you contend staff confiscated your legal material without justification to harass you and did not return the legal work to you.

A review of this matter reveals that a file of legal work containing documents belonging to twenty-six different inmates was found in the law library on August 30, 2004, during a random search. None of the inmates were present in the law library to claim ownership of the legal work. Program Statement 1315.07, Legal Activities, Inmate, states "legal materials left unattended in the law library or other designated location may be disposed of as nuisance contraband or returned by staff to the owner." Documentation reveals the legal materials were returned to the owners upon request.

Based on the above facts, I can find no basis for further administrative action. Your request for administrative relief is denied. If dissatisfied with this response, you may appeal to the Regional Director, Bureau of Prisons, Mid-Atlantic Region, 10010 Junction Drive, Suite 100-North, Annapolis Junction, Maryland 20701, within twenty (20) calendar days of the date of this response.

_11/9/04_
Date

Marty C. Anderson, Warden

U.S. DEPARTMENT ... REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons

Ex - D

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: Dixon, Frederick | 26592-019 | cell 8 upper | FCI-Beckley |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - INMATE REQUEST**  ...  CONTINUOUS DENIAL OF ACCESS TO THE COURT. On 9-3-04 while doing legal research in the law library ... I was called in Mr. Blankenship office and asked ... in a very rude and angry tone ... what kind of game are you playing Dixon". She went on to accuse me of lying about ... that she ... suggesting legalistorical that Mr. Shown arbitrarily con-fiscated from me 8-31-04 ... I informed Ms. Blankenship that I had no idea what she was talking about. She at that time told me, "we have been really nice to you, allowing you extra time, but in the future if your get back to Blankenship at 12:15, I will personally escort you to the Captian, and have your privileges in the law ... She further accused me of not taken advantage of the extra time I was allowed to have, which is not true and a false pretext to justify denying me access to the law court. The only periods I have missed the law library are when I had an important ... and when Shown confiscated my files. The commissary was out of typing ribbon for five weeks ... confiscated and holding my files for a week.

Mr. Blankenship ... was intended to harass and intimidate me. She has created a very hostile environment ... in which I find it very difficult to make and concentrate on doing legal research. I have a direct appeal pending in the Sixth Circuit Court of Appeal, in which I am currently ... it is reasonable for me to protect my appeal with the harassment and retaliation ... have imposed on me.

I'm requesting that the continuous ... and retaliation I'm being subjected to be stopped as well as the denial of adequate law library time.

| DATE 9-11-04 | SIGNATURE OF REQUESTER *Fred Dixon* |
|---|---|

**Part B - RESPONSE**

*(signature)*

| 11-23-04 | WARDEN OR REGIONAL DIRECTOR |
|---|---|
| DATE | |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 30 calendar days of the date of this response.*

CASE NUMBER: 351803-F1

SECOND COPY: RETURN TO INMATE

CASE NUMBER: _____

**Part C - RECEIPT**

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

| DATE | | RECIPIENT'S SIGNATURE (STAFF MEMBER) |
|---|---|---|

USP LVN

BP-229(13)
APRIL 1982

Printed on Recycled Paper

BP-A0613Z
APRIL 1982
USP LVN

*EX. F*

To: Warden Marty Anderson

From: Frederick Dixon #26592-039          *Fred Dixon*

Subject: Staff Corruption/Denial of Access to the Court


You are hereby placed on notice that due to the repeated harassment and intimidation of your Staff at the Law Library, I'm officially terminating my obligations to assist Inmate Melvin Harris, Darryl Morris, David Gibson, Williams, and Ray. I will be informing these men that since you and your staff are restricting, harassing, and threatening me, to coerce me to not assist them, that you are obligated to provide them a "reasonable alternative" to legal services.

Your Staff do not realize that in Johnson v. Avery, a Supreme Court ruling, the Court gave prison official a choice of providing inmates with access to the courts by making available an adequate law library and persons trained in the law. These persons could be competent inmates train in the law, or lawyers. At this facility, you have neither, and the inmates who are skilled in the law and offer legal assistance are impeded, discourage, and harassed.

This is my last attempt to warn you of the gross violations and disregard of inmates rights to Access to the Court by Staff responsible to you.

cc: Regional Director
    National Director

    Senator Carl Levin

file

*8 - 2004*



EX G

REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM
FCI BECKLEY, WEST VIRGINIA

Section 1 - To be completed by the Unit Counselor at the time inmate request Administrative Remedy.

Inmate Name: _Dixon_     Register Number: _26592-039_

Assigned Unit: _SHU_     Counselor: _____

Date of Request: _10-8-04_     Date of Incident: _10-6-04_

Specific Complaint: _Stevens, Bankley, McGrath & Carver_
_Conspired against me by falsifying memos_
_and incident Report in retaliation for grievances I_
_filed against them_

Informal Resolution was / was not accomplished. If not accomplished, inmate issued Request for Administrative Remedy Form. Inmate was advised to review Program Statement 1330.13, Administrative Remedy Program, to ensure compliance with filing procedures.

_Fred Dixon 26592-039_     _Dec 6, 2004_
Inmate Signature / Register Number     Date

_[signature]_     _12-6-04_
Counselor Signature     Date

Section 2 - To be completed by the Counselor when inmate submits Request for Administrative Remedy Form.

Date Submitted: _12-6-04_

Was issue discussed with the inmate: YES / NO. If no, reason: _____

Were staff or departments noted in Administrative Remedy contacted: YES / NO. _INMATE HAS ALREADY FILED AN APPEAL_
If no, reason. If yes, response: _AS YOU HAVE BEEN INFORMED, YOU_
_HAVE THE RIGHT TO APPEAL ANY INCIDENT REPORT._

Informal Resolution was / was not accomplished. If not accomplished, staff submitted Request for Administrative Remedy Form to Administrative Remedy Coordinator.

_Dixon 26592-039_     _12-6-04_
Inmate Signature / Register Number     Date

_[signature]_     _12-6-04_
Counselor Signature     Date

_[signature]_     _12/7/04_
Unit Manager Signature     Date



U.S. D. PARTMENT OF JUSTICE
Federal Bureau of Prisons

# REQUEST FOR ADMINISTRATIVE REMEDY

EL G-1

| | | | FCI-Beckley |
|---|---|---|---|
| Dresden L. ___ | 2589-___ | | |
| **Name** | **REG. NO.** | **UNIT** | **INSTITUTION** |

**Part A—INMATE REQUEST**

On Oct. 5, 2004, the following ...

DATE 11-29-04

WARDEN OR REGIONAL DIRECTOR

DEC 08 2004

DATE

CASE NUMBER: 361317-F1

CASE NUMBER:

ORIGINAL: RETURN TO INMATE

**Part C—RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE        RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

USP LVN

*Ex. G-2*

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: DECEMBER 13, 2004

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BECKLEY FCI

TO  : FREDRICK DIXON, 26592-039
      BECKLEY FCI    UNT: OAK    QTR: Z04-012LDS
      P.O. BOX 1280
      BEAVER, WV 25813

FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 361317-F1      ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED  : DECEMBER 8, 2004
SUBJECT 1      : UNPROFESSIONAL, INAPPROPRIATE CONDUCT OR MISCONDUCT BY STAFF
SUBJECT 2      : ADMINISTRATIVE REMEDY PROCEDURES
INCIDENT RPT NO:

REJECT REASON 1: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                ABOUT.

REJECT REASON 2: SEE REMARKS.

REMARKS        : YOU HAVE PROVIDED NO PROOF THAT WOULD EXPLAIN THE
                UNTIMELY FILING OF THIS REQUEST.  IF DUE TO STAFF
                ERROR, STAFF MUST PROVIDE A MEMORANDUM.

To: SMU Lite                    EX H        11-17-04

From: Fred Dixon 26592-039

On 11-16-04 your morning Shift Staff reportedly
inform you that I requested to see you, to present
to you important evidence that could aid in the
on going investigations into my staff Corruption
Claim; however, you did not Come Just a few feet
from where I observed you sitting to see me.
I hope this is not an indication of lack of incorperation.
I like to report that the denture I reported con-
ficated was, or rather, Since been placed in the
window-seal. Inmate Bridges reported that Cates put
them back there. He said he did not touch them. I
have not touch them either. I would like them
check for finger prints. There are where Cates left
them.

At your earliest Convenient, please arrange for me
to have acces to the law library. I have (4) DHO
Appeals I need to meet a 20 day deadline on. I
also have a Civil Litigation I need to finish
for filing in Federal District Court. I prefer if
I'm allowed to use the library on morning Shift.
The afternoon Shift have repeatedly refuse to take
me to the library.
In Closing, I like to mention that some of my
property was with held during the Hunger strike
I would like to receive that property back.

CC: Warden Anderson
     File

BEC~1330.13d
February 2000
Attachment A

REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM
FCI BECKLEY, WEST VIRGINIA



Section 1 - To be completed by the Unit Counselor at the time inmate request Administrative Remedy.

Inmate Name: **Dixon, Fred**          Register Number: **26592-039**

Assigned Unit: **OAK A-upper (SHU)**          Counselor: **Midgley**

Date of Request: **12-26-04**          Date of Incident: **12-22-04**

Specific Complaint: **Officer Cales verbally abused me by using racial slurs and Racial intimidation**

Informal Resolution was / was not accomplished. If not accomplished, inmate issued Request for Administrative Remedy Form. Inmate was advised to review Program Statement 1330.13, Administrative Remedy Program, to ensure compliance with filing procedures.

**Dixon 26592-039**          **12-26-04**
Inmate Signature / Register Number          Date

_(signature)_          **1-5-05**
Counselor Signature          Date

Section 2 - To be completed by the Counselor when inmate submits Request for Administrative Remedy Form.

Date Submitted: **1-3-05**

Was issue discussed with the inmate: YES / NO. If no, reason:

Were staff or departments noted in Administrative Remedy contacted: YES / NO. **Cales**

If no, reason. If yes, response: **According to Mr. Cales you were spoken to in a professional manner**

Informal Resolution was / was not accomplished. If not accomplished, staff submitted Request for Administrative Remedy Form to Administrative Remedy Coordinator.

**Dixon 26592-039**          **1-5-05**
Inmate Signature / Register Number          Date

_(signature)_          **1-5-05**
Counselor Signature          Date

_(signature)_          **1/6/05**
Unit Manager Signature          Date

SUBJECT:

DATE:

USP BN

RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-629(13)
APRIL 1982

**REQUEST FOR ADMINISTRATIVE REMEDY**   *Ex I-2*   BEC-363755-F1
**INMATE:   DIXON, Fredrick**
**Reg. No.   26592-039**

Your Request for Administrative Remedy, received January 10, 2005, alleging racial discrimination and violation of the employee code of conduct, has been reviewed. Specifically, you allege staff removed items from your personal property and you discriminating remarks towards you.

Your allegations are under investigation. Should any further action be necessary, such action will be taken; however, staff personnel matters are not subject to inmate review.

To the extent an investigation is being undertaken, your Request for Administrative Remedy is partially granted. If dissatisfied with this response, you may appeal to the Regional Director, Bureau of Prisons, Mid-Atlantic Region, 10010 Junction Drive, Suite 100-North, Annapolis Junction, Maryland 20701, within twenty (20) calendar days of the date of this response.

1/26/05
Date

Marty C. Anderson, Warden

REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM
FCI BECKLEY, WEST VIRGINIA

Section 1 - To be completed by the Unit Counselor at the time inmate request Administrative Remedy.

Inmate Name: **Dixon, Fred**          Register Number: **26592-039**

Assigned Unit: **Oak A-upper (SHU)**     Counselor: **Midgley**

Date of Request: **12-26-04**          Date of Incident: **12-15-04**

Specific Complaint: **Lt. Flemming Assaulted me because of Racial hatred. I would like to prosecute**

Informal Resolution was / was not accomplished. If not accomplished, inmate issued Request for Administrative Remedy Form. Inmate was advised to review Program Statement 1330.13, Administrative Remedy Program, to ensure compliance with filing procedures.

**Dixon 26592-039**          **12-26-04**
Inmate Signature / Register Number          Date

_____          **1-5-05**
Counselor Signature          Date

Section 2 - To be completed by the Counselor when inmate submits Request for Administrative Remedy Form.

Date Submitted: **1-3-05**

Was issue discussed with the inmate? (YES) NO. If no, reason: _____

Were staff or departments noted in Administrative Remedy contacted? (YES) NO. **Lt. Flemming**

If no, reason. If yes, response: **The Amount Of Force Used was Deemed Appropriate To Control the Situation**

Informal Resolution was / was not accomplished. If not accomplished, staff submitted Request for Administrative Remedy Form to Administrative Remedy Coordinator.

**Dixon 26592-039**          **1-5-05**
Inmate Signature / Register Number          Date

_____          **1-5-05**
Counselor Signature          Date

_____          **1/6/05**
Unit Manager Signature          Date

**REQUEST FOR ADMINISTRATIVE REMEDY**                    **BEC-363759-F1**
**INMATE:   DIXON, Fredrick**
**Reg. No.  26592-039**

Your Request for Administrative Remedy, received January 10,
2005, alleging excessive use of force by staff, has been
reviewed.  Specifically, you allege staff became physically
abusive when escorting you by twisting your thumb and smashing
the handcuffs into your skin.

Your allegations are under investigation.  Should any further
action be necessary, such action will be taken; however, staff
personnel matters are not subject to inmate review.

To the extent an investigation is being undertaken, your Request
for Administrative Remedy is partially granted.  If dissatisfied
with this response, you may appeal to the Regional Director,
Bureau of Prisons, Mid-Atlantic Region, 10010 Junction Drive,
Suite 100-North, Annapolis Junction, Maryland 20701, within
twenty (20) calendar days of the date of this response.

_1/26/05_
Date

Marty C. Anderson, Warden

Ex K

BEC-1330.13d
February 2005
Attachment A

REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM
FCI BECKLEY, WEST VIRGINIA

Section 1 - To be completed by the Unit Counselor at the time inmate request Administrative Remedy.

Inmate Name: **Dixon, Fred**          Register Number: **26592-037**

Assigned Unit: **Oak A-upper (SHU)**   Counselor: **Midgley**

Date of Request: **12-26-04**          Date of Incident: **12-15-04**

Specific Complaint: **Cales removed legal documents, Stamps, and cosmetics from my property to harass me and impede my effort to redress the court**

Informal Resolution was / was not accomplished. If not accomplished, inmate issued Request for Administrative Remedy Form. Inmate was advised to review Program Statement 1330.13, Administrative Remedy Program, to ensure compliance with filing procedures.

_Dixon_                              _1-5-05_
Inmate Signature / Register Number        Date

_[signature]_                         _1-5-05_
Counselor Signature                   Date

Section 2 - To be completed by the Counselor when inmate submits Request for Administrative Remedy Form.

Date Submitted: **1-3-05**

Was issue discussed with the inmate: YES / (NO).  If no, reason:

Were staff or departments noted in Administrative Remedy contacted: (YES) / NO.  **CALES**

If no, reason. If yes, response: **ACCORDing TO MR CALES He HAS Never SHAK-en you DOWN**

Informal Resolution was / (was not) accomplished. If not accomplished, staff submitted Request for Administrative Remedy Form to Administrative Remedy Coordinator.

_Dixon_                              _1-5-05_
Inmate Signature / Register Number        Date

_[signature]_                         _1-5-05_
Counselor Signature                   Date

_[signature]_                         _1/6/05_
Unit Manager Signature                Date

1/26/05

WARDEN OR REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

CASE NUMBER: 3103 TS3 F1

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

Part C - RECEIPT

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____          _____
DATE                          RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN          Printed on Recycled Paper          BP-229(13)
APRIL 1982

EX K-2

**REQUEST FOR ADMINISTRATIVE REMEDY**                    BEC-363753-F1
**INMATE: DIXON, Fredrick**
**Reg. No. 26592-039**

Your Request for Administrative Remedy, received January 10, 2005, alleging staff corruption and denial of access to the courts, has been reviewed. Specifically, you allege staff removed items from your property without providing you with a confiscation notice.

Your allegations are under investigation. Should any further action be necessary, such action will be taken; however, staff personnel matters are not subject to inmate review.

To the extent an investigation is being undertaken, your Request for Administrative Remedy is partially granted. If dissatisfied with this response, you may appeal to the Regional Director, Bureau of Prisons, Mid-Atlantic Region, 10010 Junction Drive, Suite 100-North, Annapolis Junction, Maryland 20701, within twenty (20) calendar days of the date of this response.

_1/26/05_
Date

Marty C. Anderson, Warden

BEC-1330-13d
February 28, 2004
Attachment A

*Ex L*

REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM
FCI BECKLEY, WEST VIRGINIA

Section 1 - To be completed by the Unit Counselor at the time inmate request Administrative Remedy.

Inmate Name: **DIXON, Fred**   Register Number: **26592-039**

Assigned Unit: **oak A-upper (SHU)**   Counselor: **Midgley**

Date of Request: **12-26-04**   Date of Incident: **12-21-04**

Specific Complaint: **Capt. Hutchins, Warden Anderson, D.W Sue Engles, and Kirkland abused their discretion by placing Dixon on bag meals without affording him Due Process.**

Informal Resolution was / was not accomplished. If not accomplished, inmate issued Request for Administrative Remedy Form. Inmate was advised to review Program Statement 1330.13, Administrative Remedy Program, to ensure compliance with filing procedures.

**Dixon 26592-039**           **12-26-04**
Inmate Signature / Register Number        Date

_(signature)_                              **1-5-05**
Counselor Signature                        Date

Section 2 - To be completed by the Counselor when inmate submits Request for Administrative Remedy Form.

Date Submitted: **1-3-05**

Was issue discussed with the inmate: (YES) NO. If no, reason:

Were staff or departments noted in Administrative Remedy contacted: (YES) /NO. **CA/es**

If no, reason. If yes, response: **YOU WERE PLACED ON SACK LUNCH Due To YOU THREATENING STAFF**

Informal Resolution was / was not accomplished. If not accomplished, staff submitted Request for Administrative Remedy Form to Administrative Remedy Coordinator.

**Dixon, Fred**                    **1-5-05**
Inmate Signature / Register Number        Date

_(signature)_                              **1-5-05**
Counselor Signature                        Date

_(signature)_                              **1/6/05**
Unit Manager Signature                     Date

Case 5:05-cv-00218    Document 1    Filed 03/14/05    Page 61 of 77 PageID #: 441

FCI Beckley

JAN 10 2005

CASE NUMBER: 363103-F1

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|

SUBJECT: _____

DATE _____    RECIPIENT'S SIGNATURE (STAFF MEMBER) _____

BP-229(13)
APRIL 1982

USP LVN

*EXL-2*

**REQUEST FOR ADMINISTRATIVE REMEDY**                    **BEC-363763-F1**
**INMATE:   DIXON, Fredrick**
**Reg. No.  26592-039**


Your Request for Administrative Remedy, received January 10,
2005, alleging violation of your rights to due process of
the law, has been reviewed.  Specifically, you allege staff
arbitrarily and capriciously placed you on bag meals without
serving you notice or providing you with a hearing.

Your allegations are under investigation.  Should any further
action be necessary, such action will be taken; however, staff
personnel matters are not subject to inmate review.

To the extent an investigation is being undertaken, your Request
for Administrative Remedy is partially granted.  If dissatisfied
with this response, you may appeal to the Regional Director,
Bureau of Prisons, Mid-Atlantic Region, 10010 Junction Drive,
Suite 100-North, Annapolis Junction, Maryland 20701, within
twenty (20) calendar days of the date of this response.


1/27/05
Date                                    Marty C. Anderson, Warden

*Ex. M*

### REQUEST FOR ADMINISTRATIVE REMEDY
#### INFORMAL RESOLUTION FORM
#### FCI BECKLEY, WEST VIRGINIA

Section 1 - To be completed by the Unit Counselor at the time inmate request Administrative Remedy.

Inmate Name: **Frederick Dixon**          Register Number: **26592-039**

Assigned Unit: **Oak A-Upper/SHU**          Counselor: **Midgley**

Date of Request: **1-2-05**          Date of Incident: **on going**

Specific Complaint: **violating of PS 131507. I'm not being provided with adequate and reasonable access to the law library. My limited access is vindictive and in retaliation for complaints I have filed on officials.**

Informal Resolution was / was not accomplished. If not accomplished, inmate issued Request for Administrative Remedy Form. Inmate was advised to review Program Statement 1330.13, Administrative Remedy Program, to ensure compliance with filing procedures.

_____          **1-5-05**
Inmate Signature / Register Number          Date

_____          **1-5-05**
Counselor Signature          Date

Section 2 - To be completed by the Counselor when inmate submits Request for Administrative Remedy Form.

Date Submitted: **1-3-05**

Was issue discussed with the inmate (YES) / NO. If no, reason: _____

Were staff or departments noted in Administrative Remedy contacted (YES) / NO. **CA/es**

If no, reason. If yes, response: **YOU ARE PLACED IN THE LAW LIBRARY ASAP AFTER STAFF Receive A COP OUT FROM YOU**

Informal Resolution was / was not accomplished. If not accomplished, staff submitted Request for Administrative Remedy Form to Administrative Remedy Coordinator.

_____          **1-5-05**
Inmate Signature / Register Number          Date

_____          **1-5-05**
Counselor Signature          Date

_____          **1/6/05**
Unit Manager Signature          Date

U.S. Department of Justice
Federal Bureau of Prisons

Ex. M-1

JAN 10 2005

1/26/05
DATE

REGIONAL DIRECTOR

CASE NUMBER 3L23MSO-F1

ORIGINAL - RETURN TO INMATE

---

Part C- RECEIPT

CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____        _____
        DATE                        RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN

BP-229(13)
APRIL 1982

*Ex. M-2*

**REQUEST FOR ADMINISTRATIVE REMEDY**          BEC-363750-F1
**INMATE:  DIXON, Fredrick**
**Reg. No.  26592-039**

Your Request for Administrative Remedy, received January 10,
2005, alleging staff have arbitrarily and capriciously denied you
access to the law library, has been reviewed.  Specifically, you
allege staff retaliated against you by denying you access to
the Special Housing Unit law library.

Your allegations are under investigation.  Should any further
action be necessary, such action will be taken; however, staff
personnel matters are not subject to inmate review.

To the extent an investigation is being undertaken, your Request
for Administrative Remedy is partially granted.  If dissatisfied
with this response, you may appeal to the Regional Director,
Bureau of Prisons, Mid-Atlantic Region, 10010 Junction Drive,
Suite 100-North, Annapolis Junction, Maryland 20701, within
twenty (20) calendar days of the date of this response.

1/26/05
Date

Marty C. Anderson, Warden

EXN

RECEIVED
MAR 03 2005
...

WARDEN OR REGIONAL DIRECTOR

DATE

If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 368733-F1

CASE NUMBER: _____

Part C- RECEIPT

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____                                      _____
DATE                                               RECIPIENT'S SIGNATURE (STAFF MEMBER)          BP-229(13)
                                                                                                 APRIL 1982

USP LVN          Printed on Recycled Paper

*Ex. N-1*

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MARCH 3, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BECKLEY FCI

TO    FREDRICK DIXON, 06592-039 :
      BECKLEY FCI    UNT: OAK    QTR: Z03-005LDS
      P.O. BOX 1280
      BEAVER,  WV 25813

FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 368733-F1        ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED   : MARCH 3, 2005
SUBJECT 1       : UNPROFESSIONAL, INAPPROPRIATE CONDUCT OR MISCONDUCT BY STAFF
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT ATTEMPT INFORMAL RESOLUTION PRIOR TO SUBMISSION
                 OF ADMINISTRATIVE REMEDY, OR YOU DID NOT PROVIDE THE
                 NECESSARY EVIDENCE OF YOUR ATTEMPT AT INFORMAL RESOLUTION.

REJECT REASON 2: YOU MAY RESUBMIT YOUR REQUEST IN PROPER FORM WITHIN
                 5 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS         : NO ATTEMPT OF INFORMAL RESOLUTION WAS SUBMITTED WITH
                  YOUR REQUEST FOR ADMINISTRATIVE REMEDY.

# REQUEST FOR ADMINISTRATIVE REMEDY
## INFORMAL RESOLUTION FORM
### FCI BECKLEY, WEST VIRGINIA

Section 1 – To be completed by the Unit Counselor at the time inmate request Administrative Remedy.

Inmate Name: _Dixon_        Register Number: _26592-039_

Assigned Unit: _Oak-A-upper (SHU)_    Counselor: _Midgley_

Date of Request: _1-7-05_      Date of Incident: _ON-going_

Specific Complaint: _Warden Anderson, AW. Sue Eagles_
_and capt Hutchins are dreliction of their Duty_
_in not stopping violation of Dixon Civil rights_

Informal Resolution <u>was / was not</u> accomplished. If not accomplished, inmate issued Request for Administrative Remedy Form. Inmate was advised to review Program Statement 1330.13, <u>Administrative Remedy Program</u>, to ensure compliance with filing procedures.

_Dixon 26592-039_        _1-7-05_
Inmate Signature / Register Number      Date

_[signature]_            _2-23-05_
Counselor Signature         Date

Section 2 – To be completed by the Counselor when inmate submits Request for Administrative Remedy Form.

Date Submitted: _____

Was issue discussed with the inmate: YES / NO. If no, reason: _____

Were staff or departments noted in Administrative Remedy contacted: YES / NO.

If no, reason. If yes, response: _____

Informal Resolution <u>was / was not</u> accomplished. If not accomplished, staff submitted Request for Administrative Remedy Form to Administrative Remedy Coordinator.

_Dixon 26592-039_        _1-7-05_
Inmate Signature / Register Number      Date

_[signature]_            _2-23-05_
Counselor Signature         Date

_[signature]_            _____
Unit Manager Signature         Date

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL            REG. NO.            UNIT            INSTITUTION

SUBJECT: _____

_____            _____
DATE                                 RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN

BP–229(13)
APRIL 1982

*Ex. 0-2*

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MARCH 3, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BECKLEY FCI

TO  : FREDRICK DIXON, ~~~~~~~~~
      BECKLEY FCI    UNT: OAK    QTR: Z03-005LDS
      P.O. BOX 1280
      BEAVER, WV 25813

FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 368735-F1      ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED  : MARCH 3, 2005
SUBJECT 1      : UNPROFESSIONAL, INAPPROPRIATE CONDUCT OR MISCONDUCT BY STAFF
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: SEE REMARKS.

REJECT REASON 2: YOU MAY RESUBMIT YOUR REQUEST IN PROPER FORM WITHIN
                 5 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS        : YOUR ATTEMPT FOR INFORMAL RESOLUTION FORM (8.5) WAS
                 NOT PROPERLY COMPLETED BY STAFF (SECTION 2), AND
                 THEREFORE WILL NOT BE ACCEPTED.  SEE YOUR CC.

U.S. Department of Justice

Federal Bureau of Prisons

Regional Administrative Remedy Appeal

EX P

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: _Dixon, FRED_     _26592-039_     _OR A-upper_     _FCI-Beckley_
       LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

Part A—REASON FOR APPEAL   Ms. Trump refusal to process my BP-9 is an effort to circumvent the Administrated Remedy Process. It is a violation of Federal Law to Discriminate in employment. Caucasian inmates are given preference treatment in Job Placements and greater pay. My claim is Clear and doesn't need to be any more Specific. The BOP is an Agency who profess to not discriminate based on Race, Creed or religion, however Beckley Discriminate in Job assignment.

_8-23-04_
DATE

_Fred Dixon_
SIGNATURE OF REQUESTER

Part B—RESPONSE

RECEIVED
AUG 2 6 2004
BUREAU OF PRISONS
MARO REGIONAL COUNSEL

_____
DATE

_____
REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE       CASE NUMBER: _____

Part C—RECEIPT       CASE NUMBER: _318509-R1_

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

                                                         BP-230(13)
                                                          APRIL 1982

USP LVN     DATE     Previous editions not usable     SIGNATURE, RECIPIENT OF REGIONAL APPEAL

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

*Ex. P-1*

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP–DIR–9 including any attachments must be submitted with this appeal.

From: **Dixon, Fred**          **26692-039**     **SHU**      **FCI-Berkley**
　　　LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.        UNIT        INSTITUTION

Part A – REASON FOR APPEAL. My Counselor Mr. Midgley and Adm. Remedy Coordinator Ormont are denying Dixon Access to the Adm. Remedy Process. In fact, they are attempting to hold Dixon incommunicado. Dixon have a number of Request for Adm. Remedies he is attempting to process, but Counselor Midgley refuse to initiate the process. Dixon is indigent and have numerous DHO Appeals he need to mail to you however Staff is refusing to provide Dixon with the postage to do so. Attached, you will find a BP-Dir-9 that Dixon submitted at Institutional level, but Midgley and Unit Team refused to process it. Clearly, they are attempting to stall me and slowdown the Process, all in an effort to deny me Access to Court.

**June 3, 2004**
　　DATE　　　　　　　　　　　　　　　　　　SIGNATURE OF REQUESTER　*Fred Dixon*

Part B – RESPONSE

_____
　　DATE　　　　　　　　　　　　　　　　　　REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY - REGIONAL FILE COPY　　　　　　　CASE NUMBER: _____

Part C – RECEIPT　　　　　　　　　　　　　　　CASE NUMBER: **361098-R1**

Return to: _____
　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　REG. NO.　　UNIT　　INSTITUTION

SUBJECT: _____

　　　　　　　　　　　　　　　　　　　　　　SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

DATE



U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: West, Glenn                    29925-079                   Unit: ____   FCI Beckley
         LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.                   UNIT         INSTITUTION

**Part A - INMATE REQUEST**

[body text illegible due to redaction/poor image quality]

11-14-99                                              [signature]
DATE                                                  SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____
DATE                                                  WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

THIRD COPY: RETURN TO INMATE                          CASE NUMBER: _____

                                                      CASE NUMBER: _____

**Part C - RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____                  _____
DATE                                      RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN

U.        ment of Justice                    **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons        *Ex. D-3*

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: **Dixon, Fred**         **26592-039**     **SHU**     **FCI-Beckley**
      LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

**Part A—REASON FOR APPEAL** My Counselor Mr. Midgley and Adm. Remedy Coordinator Ormont are denying Dixon Access to the Adm. Remedy Process. In fact, they are attempting to hold Dixon incommunicado. Dixon have a number of Request for Adm. Remedies he's attempting to process, but Counselor Midgley refuse to initiate the process. Dixon is indigent and have numberous DHO Appeals he need to mail to you; however, staff is refusing to provide Dixon with the postage to do so. Attached, you will find a BP-DIR-9 that Dixon submitted at Institutional level, but Midgley and unit Team refused to process it. Clearly, they are attempting to stall me and slowdown the process, all in an effort to deny me Access to Court.

**Dec. 3, 2004**
DATE                             *Fred Dixon*
                                 SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED

DEC 0 8 2004

BUREAU OF PRISONS
MARO REGIONAL COUNSEL

---

         DATE                                           REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                 CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**                           CASE NUMBER: **361C98-R1**

Return to: _____ _____ _____ _____
           LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.       UNIT       INSTITUTION

SUBJECT: _____

                                           BP-230(13)
                                          APRIL 1982
USP LVN     DATE          Previous editions not usable          SIGNATURE, RECIPIENT OF REGIONAL APPEAL

Ex. P-4

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: DECEMBER 9, 2004

FROM: ADMINISTRATIVE REMEDY COORDINATOR
MID-ATLANTIC REGIONAL OFFICE

TO   : FREDRICK DIXON, 26592-039
       BECKLEY FCI      UNT: OAK      QTR: Z04-012LDS
       P.O. BOX 1280
       BEAVER,  WV 25813


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 361098-R1          REGIONAL APPEAL
DATE RECEIVED   : DECEMBER 8, 2004
SUBJECT 1       : ADMINISTRATIVE REMEDY PROCEDURES
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.



DEC 2 0 2004

**3618**

LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____
DATE                  SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
APRIL 1982

USP LVN

Ex. P-6

D-12

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: DECEMBER 21, 2004

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BOP CENTRAL OFFICE

TO  : FREDRICK DIXON, 26592-039
      BECKLEY FCI    UNT: OAK    QTR: Z04-012LDS
      P.O. BOX 1280
      BEAVER, WV 25813

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 361098-A1        CENTRAL OFFICE APPEAL
DATE RECEIVED   : DECEMBER 20, 2004
SUBJECT 1       : ADMINISTRATIVE REMEDY PROCEDURES
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

REMARKS         : CONCUR WITH REJECTION.