# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **FREDERICK DIXON,** ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:05-0218** |
| ) | |
| **WARDEN MARTY ANDERSON,** *et al.* ) | |
|     **Defendants.** ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's Motion for Temporary Restraining Order. (Document No. 7.) Plaintiff asks this Court to issue an Order directing Defendants to (1) provide him with postage to mail his pleadings in this civil action to the Court, (2) photocopy his legal documents, and (3) allow him access to the law library for a period of six hours per week. By Standing Order filed on March 14, 2005, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.)

### FACTUAL AND PROCEDURAL HISTORY

On March 14, 2005, Plaintiff, formerly incarcerated at FCI Beckley, Beaver, West Virginia, and acting *pro se*, filed his Complaint in this matter claiming entitlement to relief pursuant to <u>Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L.E.2d 619 (1971). (Document No. 1.) Plaintiff complains that he has been discriminated against because of his race, subjected to cruel and unusual punishment, denied access to the courts, and denied his right to free speech and his right to be informed.

On April 12, 2005, Plaintiff filed his Motion for Temporary Restraining Order. (Document

No. 7.) Because the Court was unaware of the circumstances surrounding Plaintiff's confinement in the Special Housing Unit or the rules and procedures governing inmate access to free postage, photocopies, and library access at FCI Beckley, the Court ordered the Defendants to file a Response to the allegations in Plaintiff's Motion for Temporary Restraining Order. (Document No. 14.) In response to Plaintiff's Motion for a Temporary Restraining Order, the Defendants submitted a Notice of Release of Prisoner evidencing that Plaintiff was released from FCI Beckley on July 1, 2005. (Document No. 41).

## ANALYSIS

In view of the case law applicable, it is clear that Plaintiff's Complaint for injunctive relief must be dismissed. Under Article III of the United States Constitution, an actual and continuing controversy must exist while a case is pending in federal court. Honig v. Doe, 484 U.S. 305, 317, 108 S. Ct. 592, 98 L.Ed.2d 686 (1988); Ross v. Reed, 719 F.2d 689, 694 (4th Cir. 1983). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496, 89 S. Ct. 1944, 1951, 23 L.Ed.2d 491 (1969). Generally, claims for injunctive relief become moot when a prisoner no longer is subject to the conditions of which he complains. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff's release from Beckley FCI on July 5, 2005, rendered Plaintiff's claim for injunctive relief moot. Accordingly, Plaintiff's Motion for Temporary Restraining Order should be denied.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY**

Plaintiff's Motion for Temporary Restraining Order. (Document No. 7.)

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Chief United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have thirteen days from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S. Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schonce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Chief Judge Faber and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Plaintiff who is acting *pro se*.

Date: January 5, 2006

R. Clarke VanDervort
United States Magistrate Judge